**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62869-KUNTZ**

**ENGER GUSTAVO HERNANDEZ,**

Petitioner,

v.

**WARDEN BROWARD TRANSITIONAL CENTER,** *et al.*,

Respondents.
_______________________________________/

# ORDER

**THIS CAUSE** comes before the Court on receipt of the Response to Order to Show Cause [ECF 6], filed on October 23, 2026. Previously, the Court received a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief [ECF 1], filed on October 14, 2026 by Enger Gustavo Hernandez, and as such, ordered the government to show cause why it should not be granted [ECF 5]. However, after reviewing the Petition, Response to Order to Show Cause, and applicable law, the Petition is **DENIED**.

## *Background*

The petitioner is a college-educated, forty-five-year-old Venezuelan national. [ECF 1-1 at page 9]. Despite his counsel's "Verification" [ECF 1 at page 26], it is also apparent that several discrepancies exist between this Petition and various immigration forms provided as exhibits. For example, the Petition clearly alleges that the petitioner "fled Venezuela in March 2018 and lived for a period in Lima,

Peru, **with his wife, Nataly**." *Id.* at 7 (emphasis added). But his Form I-213 from June 15, 2021 indicates that the petitioner told the Department of Homeland Security that he was "single" while entering the United States illegally near Brownsville, Texas without papers. [ECF 1-1 at page 9]. In other words, he was not married, even though his asylum application submitted mere months later clarifies that his wife was, in fact, overstaying her tourist visa in Florida, where the couple apparently remarried in Kissimmee on October 19, 2021. *Id.* at 24. To that effect, the asylum application's supplemental statement written by the petitioner also refers to "[m]y wife… since 03/30/2003." *Id.* at 35. In that vein, in seeking asylum, the petitioner claims to be the "father of four children," so his Form I-589 challenges other basic facts from the Petition, which claims that the Venezuelan couple "have three children," ranging from ages thirteen to nineteen. [ECF 1 at page 9]. Although is unclear why this Petition omits any mention of the eldest son (24 years old), easily verifiable inconsistencies merit some consternation. [ECF 1-1 at page 24].

Even so, certain allegations from the Petition comport with official records on the petitioner's release from immigration-related custody in 2021 subject to "Expedited Removal" per 8 U.S.C. § 1225(b)(1). [ECF 1 at page 7; ECF 6 at page 2]. While Immigration and Customs Enforcement (ICE) issued an NTA on October 2, 2026 [ECF 6-4 at page 1], it is also true that "no Notice to Appear ha[d] been filed" [ECF 1 at page 6]. However, that issue was cured by the agency on October 15, 2026 [ECF 6-2 at page 2]. The "Emergency Relief" Petition seeks immediate release *inter alia* [ECF 1 at page 24], but such relief is unavailable for the following reasons.

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus as "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (internal quotation marks omitted). So, any petitioner who demonstrates unlawful detention under the Constitution or federal law may warrant immediate release under 28 U.S.C. § 2241(c)(3). Fundamentally, habeas relief is discretionary. *See Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). Still, courts may exercise jurisdiction over certain challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Nevertheless, for a petitioner facing expedited removal, the "[Immigration and Nationality Act's] limited jurisdiction does not extend to allow this Court to determine whether the Respondent properly invoked § 1225(b)(1)." *Broche v. Ripa*, 25-cv-24708, 2026 U.S. Dist. LEXIS 223625, at *9-10 (S.D. Fla. Sept. 30, 2026).

## II. DENIAL OF RELIEF

As a threshold matter, the Petition is a shotgun pleading due to be dismissed. Rule 8 of the Federal Rules of Civil Procedure governs pleading standards. *See Garcia-Machuat v. Ripa*, 2026 U.S. Dist. LEXIS 49079, at *2 (S.D. Fla. Mar. 9, 2026) ("The Petition is a shotgun pleading"); *see also Chirinos v. Immigr. & Customs Enf't (ICE)*, No. 6:26-cv-00264, 2026 U.S. Dist. LEXIS 25677, 2026 WL 327639, at *8 (M.D. Fla. Feb. 8, 2026) ("[T]he [Habeas] Petition is a shotgun pleading subject to

dismissal pursuant to Rule 8[.]"). So, "[Petitions] that violate Rule 8(a)(2)… are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). And a "typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, the Petition fails as such. At the start of each count, the petitioner simply "incorporates the foregoing paragraphs." [ECF 1 at pages 14, 18, 20, and 22]. Effectively, that would mean Count IV swallows Count III, which, in turn, already swallowed Count II that swallowed Count I. Rule 8 warrants dismissal.

Additionally, the Court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(A)(i) and § 1252(e)(2), restricting judicial review to three narrow questions: (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed according to § 1225(b)(1), and (C) whether the petitioner can prove lawful permanent resident, refugee, or asylee status. Otherwise, detention ensues under 8 U.S.C.S. § 1225(b)(1)(B)(iii)(IV), and no bond hearing is required. In this case, the petitioner is an alien, ordered removed pursuant to § 1225(b)(1), and despite a previously filed asylum application, lacks protected status to stop removal. *See generally* [ECF 1].

In short, there is no jurisdiction. *See Chaviano v. Bondi*, No. 25-CIV-22451, 2025 U.S. Dist. LEXIS 118402, 2025 WL 1744349, at *4 (S.D. Fla. June 23, 2025). Although the petitioner hopes to extend the holding of *Hernandez Alvarez* to cover

expedited removal [ECF 1 at page 13], "[t]he holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Aguillard,* 217 F.3d 1319, 1321 (11th Cir. 2000) (internal quotation marks omitted). Rather, "[t]he Supreme Court has explained that [(b)(2)] 'serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1),' **meaning those not subjected to expedited removal.**" *Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1277 (11th Cir. 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 287, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018) (emphasis added).

Ultimately, the petitioner fails to distinguish away *Thuraissigiam*, which controls this case. *See generally Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). To that end, *Thuraissigiam* governs, even when the government originally institutes § 240 proceedings and subsequently invokes expedited removal. *Broche v. Ripa*, 25-cv-24708, 2026 U.S. Dist. LEXIS 223625, at *11 (Moreno, J.). Other challenges to deportation proceedings may be cognizable. *Orozco v. United States INS*, 911 F.2d 539, 541 (11th Cir. 1990). But none of the Petition's challenges raised under Due Process pass muster, especially where, "to state a claim under *Zadvydas*[,] the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). As aforementioned, the petitioner

was slated to receive a calendar hearing today and has faced expedited removal proceedings for less than four weeks. [ECF 1 at page 19].

## III. CONCLUSION

In sum, the Petition is deficient and does not entitle the petitioner to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 U.S. Dist. LEXIS 158467, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED**. Further, the Clerk of Court must **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE** in Chambers in Fort Lauderdale, Florida on October 26, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record